**RAÚL R. LABRADOR**
**ATTORNEY GENERAL**

**MICHAEL J. KANE**
**SPECIAL DEPUTY ATTORNEY GENERAL**
**MICHAEL KANE & ASSOCIATES, PLLC**
4355 West Emerald Street, Suite 190
Post Office Box 2865
Boise, Idaho 83701-2865
Telephone:  (208) 342-4545
Facsimile:   (208) 342-2323
Email:  mkane@ktlaw.net
Idaho State Bar No. 2652

ATTORNEYS FOR IDAHO STATE DEFENDANTS

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| AVALON HARDY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-00306-BLW |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL KISH, TROY DEBIE, KYLE | ) | ANSWER TO PLAINTIFF'S |
| CARD, and STEVEN McCLAIN, in their | ) | COMPLAINT |
| individual capacities, and JOHN/JANE DOES 1- | ) | |
| 10, other law enforcement officers whose true | ) | |
| names are unknown, in their individual | ) | |
| names are unknown, in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COME NOW the Defendants, MICHAEL KISH, TROY DEBIE, KYLE CARD, and

STEVEN McCLAIN (collectively "Idaho State Defendants"), by and through their attorney of

record, Michael J. Kane of the firm Michael Kane & Associates, PLLC, and for Answer to

Plaintiff's *Complaint (Jury Demanded)*, filed June 28, 2023 (Dkt. 1) (hereinafter "Plaintiff's Complaint") allege as follows:

### FIRST DEFENSE

1.  Plaintiff's Complaint, and each and every count thereof, fail to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

2. Defendants deny each and every allegation in Plaintiff's Complaint not specifically and expressly admitted herein.

3. In answer to the introductory paragraphs of Plaintiff's Complaint, these are declaratory statements which require no response from the Defendants.  However, Defendants deny that the arrest of Plaintiff was made without probable cause and deny that excessive force was employed by any Defendant.

4.  In answer to paragraphs 1 and 2 of Plaintiff's Complaint, Defendants have no basis to admit or deny the content of the claims made.

5.  In answer to paragraphs 3, 4, 5 and 6 of Plaintiff's Complaint, Defendants admit only that Michael Kish, Troy DeBie, Kyle Card and Steven McClain were employed with the Idaho State Police at the time of the arrest and were acting withing the course and scope of their duties.

6. In answer to paragraph 7 of Plaintiff's Complaint, no allegations are made against these Defendants and therefore no answer is required.

7. In answer to paragraphs 8 and 9 of Plaintiff's Complaint, Defendants admit that this Court has the jurisdiction and venue but deny that these Defendants engaged in any wrongdoing or unlawful conduct under federal law.

8. In answer to paragraphs 10, 11, 12, 13, 14, 15, and 16 of Plaintiff's Complaint, Defendants admit that on June 28, 2022, individuals supportive of the Supreme Court *Dobbs* decision applied for and received an evening permit to hold a Public Event on the steps of the Capitol Building, fronting Jefferson Street. A group of individuals opposing the recent Supreme Court decision gathered to protest the public event. Security to ensure the assemblies were peaceful consisted of law enforcement officers, both from state and local agencies. Defendants deny the balance of the allegations.

9. In answer to paragraph 17 of Plaintiff's Complaint, Defendants admit that Defendant Michael Kish ("Lt. Kish") was not in an ISP issued uniform as he performed his duties, but state that Lt. Kish wore a pin and a badge identifying him as an Idaho State Police officer and, therefore, Defendants deny any implication that Plaintiff was unaware of his status as a law enforcement officer.

10. In answer to paragraph 18 of Plaintiff's Complaint, Defendants admit that the published photographs accompanying this paragraph depict Lt. Kish's location at some point in time on June 28, 2022.

11. In answer to paragraph 19, of Plaintiff's Complaint, Defendants admit only that Lt. Kish on June 28, 2022, was part of the group of law enforcement officers who were attempting to keep the peace in the interest of public safety.

12. In answer to paragraphs 20, 21 and 22 of Plaintiff's Complaint, Defendants admit that Officer Kish intervened to keep Plaintiff, who was screaming profanities at him and others, while waving her arms about, chest bumping Lt. Kish and slapping his hands away, from physically attacking another individual. Plaintiff then attempted to shoulder Kish out of the way so she could confront another person. Defendants deny that Officer Kish initiated physical contact with

Plaintiff except to restrain her from physically attacking another individual.  To the extent that Plaintiff was arrested, it was the direct result of her battering Lt. Kish.

13.  In answer to paragraphs 23 and 24 of Plaintiff's Complaint, Defendants only admit that Plaintiff was arrested by Idaho State Police troopers, and expressly deny any form of racial animus on the part of any Idaho State Police law enforcement officer.  The other arrestee has been described as white and Hispanic in official law enforcement documents.

14.  In answer to paragraph 25 of Plaintiff's Complaint, none of the named Defendants issued a press release or otherwise made contact with the media.  The ISP press release names no person and provides no mug shot of any person.

15.   In answer to paragraphs 26, 27, 28 and 29 of Plaintiff's Complaint, Defendants admit that an affidavit of Troy DeBie was submitted in support of probable cause for the arrest of Plaintiff, and refer to the contents of the affidavit for the exact language.  Defendants admit Plaintiff was charged with a felony.  Defendants deny allegations of falsity contained in these paragraphs.

16.   In answer to paragraph 30 of Plaintiff's Complaint, Defendants deny causation as to Plaintiff's stay for less than one day in jail. Rather, Plaintiff caused her stay due to her criminal actions.

17.  In answer to paragraph 31 of Plaintiff's Complaint, Defendants are without knowledge and therefore cannot admit nor deny.

18.  In answer to paragraph 32 of Plaintiff's Complaint, Defendants admit that Plaintiff's charge was amended to misdemeanor battery on August 19, 2022, less than 60 days from the date of her arrest and well before Plaintiff's January 27, 2023, trial date, but deny that this was due to lack of probable cause.

19. In answer to paragraphs 33 through 42 of Plaintiff's Complaint, Defendants admit that a trial was held on January 27, 2023, and that the presiding judge dismissed the case after the prosecution rested.

20. In answer to paragraph 43 of Plaintiff's Complaint, Defendants are without knowledge and can neither admit nor deny, except to note that Plaintiff is on the internet engaging in free expression, assembly and activism post her arrest.

21. In answer to paragraph 44 of Plaintiff's Complaint, Defendants deny this paragraph in its entirety.

22. In answer to paragraph 45 of Plaintiff's Complaint, Defendants deny their actions were malicious or that punitive damages are appropriate on the facts of this case.

23. Paragraph 46 of Plaintiff's Complaint contains declaratory statements which require no response from the Defendants.

24. In answer to paragraphs 47 through 51 of Plaintiff's Complaint, Defendants deny that their actions were unlawful or unconstitutional.

25. In answer to paragraphs 52 and 53 of Plaintiff's Complaint, Defendants deny that their actions caused Plaintiff damages or that their actions were malicious, oppressive, or with reckless disregard.

26. In answer to paragraphs 54 through 61 of Plaintiff's Complaint, Defendants deny that their actions were unlawful or unconstitutional.

27. In answer to paragraphs 62 and 63 of Plaintiff's Complaint, Defendants deny that their actions caused Plaintiff damages or that their actions were malicious, oppressive, or with reckless disregard.

28.  In answer to paragraph 64 of Plaintiff's Complaint, Defendants deny that they lacked probable cause to arrest Plaintiff on June 28, 2022.

29. In answer to paragraphs 65 through 70 of Plaintiff's Complaint, Defendants deny these paragraphs and specifically deny that they exerted influence over the prosecutor in this action.

30.  In answer to paragraphs 71 and 72 of Plaintiff's Complaint, Defendants deny that their actions caused Plaintiff damages or that their actions were malicious, oppressive, or with reckless disregard.

31. In answer to paragraphs 73 through 76 of Plaintiff's Complaint, Defendants deny these paragraphs and specifically deny that they fabricated evidence in this matter.

32. In answer to paragraphs 77 and 78 of Plaintiff's Complaint, Defendants deny that their actions caused Plaintiff damages or that their actions were malicious, oppressive, or with reckless disregard.

33.  In answer to paragraphs 79 through 82 of Plaintiff's Complaint, Defendants deny these paragraphs and specifically deny that they suppressed evidence in this matter.

34.  In answer to paragraphs 83 and 84 of Plaintiff's Complaint, Defendants deny that their actions caused Plaintiff damages or that their actions were malicious, oppressive, or with reckless disregard.

35.  In answer to paragraphs 85 through 93 of Plaintiff's Complaint, Defendants deny these paragraphs and specifically deny they intended to deny Plaintiff her right to express her views in a peaceful manner.

36. In answer to paragraphs 94 and 95 of Plaintiff's Complaint, Defendants deny that their actions caused Plaintiff damages or that their actions were malicious, oppressive, or with reckless disregard.

## FIRST AFFIRMATIVE DEFENSE

37.  At no time did there exist between any Defendants, either individually or in concert or with any other person, an agreement, mutual understanding, or meeting of the minds to deprive Plaintiff of her civil rights or otherwise commit a tort against Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

38. The actions of Defendants do not rise to the level of deprivation of a constitutionally protected right.

## THIRD AFFIRMATIVE DEFENSE

39. The damages and injuries sustained by Plaintiff, if any there were, were directly and proximately caused by the acts and/or omissions of the Plaintiff or another individual.

## FOURTH AFFIRMATIVE DEFENSE

40. These Defendants are immune from liability.

## FIFTH AFFIRMATIVE DEFENSE

41. The actions of Defendants do not constitute the deprivation of a right secured by the Constitution that is enforceable under 42 U.S.C. § 1983.

## SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff is not entitled to damages under 42 U.S.C. § 1983.

## SEVENTH AFFIRMATIVE DEFENSE

43.  Punitive damages are not available against the individual Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

44.  Insofar as Plaintiff's Complaint seeks to recover damages from any individually named answering Defendant in his capacity as a law enforcement officer under state law theories of

recovery, the action is subject to dismissal for failure to post bond as required by Idaho Code § 6-610.

## NINTH AFFIRMATIVE DEFENSE

45.    Discovery is continuing and additional affirmative defenses may be discovered. Defendants seek leave to amend and add additional affirmative defenses as they become learned. This will aid the Court and the parties in structuring this lawsuit based upon factual information.

## DEFENDANTS DEMAND A JURY TRIAL

WHEREFORE, Defendants, above named, having fully answered Plaintiff's Complaint, pray as follows:

1.    Plaintiff's Complaint be dismissed with prejudice as to these Defendants;

2.    Defendants be awarded their costs of suit and attorney's fees herein incurred; and,

3.    For such other relief as the Court deems just and equitable in the premises.

DATED this 23rd day of August, 2023.

MICHAEL KANE & ASSOCIATES, PLLC

BY: */s/ Michael J. Kane*
MICHAEL J. KANE
Attorneys for Idaho State Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of August, 2023, I electronically filed the foregoing document with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court's CM/ECF System for this action:

- **Richard A. Eppink**, **David DeRoin**
  ritchie@wrest.coop, david@wrest.coop

- **Michael J. Kane**
  mkane@ktlaw.net, tpresler@ktlaw.net


 /s/ *Michael J. Kane*                               .
MICHAEL J. KANE