UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AVALON HARDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL KISH, TROY DEBIE, KYLE CARD, and STEVEN MCCLAIN in their individual capacities, and JOHN/JANE DOES 1-10, other law enforcement officer whose true names are unknown, in their individual capacities,<br><br>　　　　Defendants. | Case No. 1:23-cv-00306-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Avalon Hardy's unopposed motion to amend the Complaint (Dkt. 15) and a joint stipulation to amend the scheduling order (Dkt. 16). This case arises from Ms. Hardy's arrest at a protest outside the Idaho State Capitol following the United States Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*. Ms. Hardy alleges claims under 42 U.S.C. § 1983 for violations of her First, Fourth, and Fourteenth Amendment rights against several state police officers based upon her arrest and her subsequent prosecution.

**MEMORANDUM DECISION AND ORDER - 1**

Ms. Hardy filed her Complaint in June 2023, and the Court entered a scheduling order setting January 26, 2024 as the deadline for joinder of parties and amendment of pleadings. *See Scheduling Order*, Dkt. 11. Ms. Hardy now moves to amend the complaint to add Charles "Sam" Ketchum, an Idaho State Police Captain, as a defendant in addition to updating several paragraphs of the complaint to reflect information obtained in discovery. Ms. Hardy also seeks to push back the dispositive motion, ADR, and discovery deadlines by one month. For the reasons stated below, the Court will grant the motion.

## ANALYSIS

### A.    The Complaint.

Ms. Hardy's motion to amend the Complaint is, just, timely under the scheduling order. Her motion was filed January 26, 2024 which was the deadline to join parties and amend the pleadings set in the Court's scheduling order. Accordingly, the motion is governed by Federal Rule of Civil Procedure 15's liberal pleading standard.

Under Rule 15(a) leave to amend "shall be freely given when justice so requires." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006). When determining whether to grant leave to amend, the Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)

futility of amendment; and (5) whether plaintiff has previously amended [their] complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Having considered these factors, the Court will grant leave to amend. Ms. Hardy's motion to amend was filed by the deadline set by the scheduling order and the defendants do not oppose the motion. The amendments reflect information Ms. Hardy learned in discovery, primarily, Mr. Ketchum's role in her arrest. There are no indications of bad faith, undue delay, or prejudice to the defendants. Accordingly, Ms. Hardy may file an amended complaint.

### B.     The Scheduling Order.

The parties have also agreed to amend the Court's scheduling order to push back the remaining deadlines by about six weeks. More specifically, the remaining deadlines are for: filing dispositive motions, conducting an alternative dispute resolution conference, the close of discovery, disclosing experts, and the close of expert discovery. Under Federal Rule of Civil Procedure 16(b)(5), the Court may amend the scheduling order for good cause. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard focuses primarily on the "diligence of the party seeking amendment" but "a court may also consider the existence or degree of prejudice to the opposing party. *Id.* at 608. The Court finds that good cause exists here. The parties have been diligent in conducting discovery,

**MEMORANDUM DECISION AND ORDER - 3**

have not yet conducted an ADR conference and have, thus far, conducted only one deposition. Accordingly, the Court finds good cause exists to amend the scheduling order. The Court will also reschedule the status conference.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion to Amend the Complaint (Dkt. 15) is **GRANTED.**

2. Plaintiff is directed to file her amended complaint with 14 days of the issuance of this order.

3. The parties' Joint Stipulation to Amend the Scheduling Order (Dkt. 16) is **GRANTED.**

4. The Court's Scheduling Order is amended as follows:

| Deadline Type | Current Deadline | New Deadline |
| --- | --- | --- |
| Dispositive Motions | May 15, 2024 | June 28, 2024 |
| Judicial Settlement Conference | January 26, 2024 | May 1, 2024 |
| Completion of Fact Discovery | April 5, 2024 | May 17, 2024 |
| Plaintiff's Opening Expert Disclosure | February 2, 2024 | March 15, 2024 |
| Defendant's Opening Expert Disclosure | March 15, 2024 | April 26, 2024 |
| Plaintiff's Rebuttal Expert Disclosure | April 5, 2024 | May 17, 2024 |
| Completion of Expert Discovery | May 3, 2024 | June 14, 2024 |

**MEMORANDUM DECISION AND ORDER - 4**

5. The Court hereby **VACATES** the interim telephonic status conference previously scheduled for **March 1, 2024**. The Court will conduct an interim telephonic status conference on **April 19, 2024, at 10:00 a.m. M.T.** Plaintiff must initiate the conference call by placing it to (208) 334-9145 and must have all appropriate parties on the line.

DATED: February 26, 2024

B. Lynn Winmill
U.S. District Court Judge