**RAÚL R. LABRADOR**
**ATTORNEY GENERAL**

**MICHAEL J. KANE**
**SPECIAL DEPUTY ATTORNEY GENERAL**
**MICHAEL KANE & ASSOCIATES, PLLC**
702 W. Idaho St., Suite 1100
Post Office Box 2865 (83701)
Boise, Idaho 83702
Telephone:  (208) 342-4545
Email:  mkane@ktlaw.net
Idaho State Bar No. 2652

ATTORNEYS FOR IDAHO STATE DEFENDANTS

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AVALON HARDY | |
| Plaintiff, | Case No. 1:23-cv-00306-BLW |
| vs. | |
| MICHAEL KISH, CHARLES KETCHUM, TROY DEBIE, KYLE CARD, and STEVEN McCLAIN, in their individual capacities, and JOHN/JANE DOES 1-10, other law enforcement officers whose true names are unknown, in their individual capacities, | STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| Defendants. | |

COME NOW the Defendants, MICHAEL KISH, TROY DEBIE, KYLE CARD, and STEVEN McCLAIN (collectively "Idaho State Defendants"), by and through their attorney of record, Michael J. Kane of the firm Michael Kane & Associates, PLLC, and hereby provide the

Court the following Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment.

1. On June 24, 2022, Plaintiff Avalon Hardy attended a counterprotest against a group of people who supported abortion abolition. Plaintiff's First Amended Complaint (Dkt. 18), filed March 4, 2024 (hereafter "FAC"), Pgs. 1-4.

2. Plaintiff was one of the organizers of the counterprotest. Deposition of Avalon Hardy, taken March 19, 2024 ("Hardy Depo") Pg. 88, Ls. 20-24. Affidavit of Michael Kane in Support of Defendants' Motion for Summary Judgment ("Kane Affidavit"), Exhibit A.

3. The counter-protesters were loud and trying to shout the anti-abortion speakers down. Hardy Depo. Pg. 94, Ls. 19-23. Kane Affidavit, Exhibit A.

4. Plaintiff herself yelled loudly so the speakers could not be heard. Hardy Depo. Pg. 96, ln. 25 to Page 97, Ln. 5. Kane Affidavit, Exhibit A.

5. Among the anti-abortion protesters was Cin Alfonso, with whom Plaintiff states she has had prior conflicts. Seeing Alfonso made her mad and upset. Hardy Depo. Pg. 139, Ls. 9 to 23. Kane Affidavit, Exhibit A.

6. Among the crowd were several Idaho State Police (ISP) officers and Boise Police officers, attempting to keep the peace. FAC, Pg. 2.

7. Defendant Lt. Mike Kish was the head of the ISP Idaho Capitol Protection Detail, and was wearing a blue blazer with a Protection Detail Pin. FAC, Pg. 10; Affidavit of Michael Kish in Support of Defendants' Motion for Summary Judgment ("Kish Affidavit"), ¶¶ 1, 3, Exhibit A; Affidavit of Danielle Castellanoz in Support of Defendants' Motion for Summary Judgment ("Castellanoz Affidavit"), ¶ 4.

8. Plaintiff admits that she saw no one else in a blue blazer, and that many people were in shorts, tank tops or T-shirts. Hardy Depo. Pg. 116, Ls. 1 to 16. Kane Affidavit, Exhibit A.

9. As seen on video, Defendants DeBie, McClain and Card were at the protest in uniform. All of them are ISP officers. Kane Affidavit, Exhibit G; Affidavit of Troy DeBie in Support of Defendants' Motion for Summary Judgment ("DeBie Affidavit"), ¶¶ 1, 3; Affidavit of Kyle Card in Support of Defendants' Motion for Summary Judgment ("Card Affidavit"), ¶ 1; and Affidavit of Steven McClain in Support of Defendants' Motion for Summary Judgment ("McClain Affidavit"), ¶ 1.

10. Former Defendant Charles Ketchum was an ISP Captain monitoring the event via a police camera mounted a block away from the Capitol steps. Affidavit of Charles Ketchum in Support of Defendants' Motion for Summary Judgment ("Ketchum Affidavit"), ¶¶ 1, 4, 5.

11. Also present at the Capitol was ISP trooper Danielle Castellanoz, who was also in uniform. Castellanoz Affidavit, ¶¶ 1, 4.

12. Plaintiff has produced in Discovery a You Tube video that depicts various portions of the protest. Plaintiff admits she gave it to her lawyers and that she made no changes to it. Hardy Depo. Pg. 117, ls. 5 to 17. Kane Affidavit, Exhibits A and G.

13. Beginning at 6:50 of the You Tube video, and continuing to 7:28, Lt. Kish is seen separating protesters from each other in the crowd next to Trooper Castellanoz. Plaintiff is seen standing directly next to Lt. Kish. Kane Affidavit, Exhibit G.

14. Plaintiff has produced another video, titled July 12-2, which Plaintiff obtained from the internet. She admits it is Cin Alfonso's video taken by her phone during the counterprotest. Hardy Depo. Pg. 128, ln.2 to Pg. 129, Ln. 7. Kane Affidavit, Exhibits A and H.

15. On the July 12-2 video, at 4:14, Plaintiff appears joining a crowd confronting Alfonso. Kish is seen attempting to keep the crowd apart. While Plaintiff is seen shouting, "My body, my choice," Kish is seen saying "Back up," to the people facing Plaintiff. Kane Affidavit, Exhibit H.

16. On the July 12-2 video, at 5:04, Plaintiff is seen pointing to her right, loudly using the word "Bitch!" This caused an immediate reaction from Alfonso, called her a "fat assed bitch." Plaintiff is seen moving quickly toward Alfonso, shouting continuously in a high voice. Kish and Castellanoz are seen trying to keep the two women apart. Kane Affidavit, Exhibit H.

17. On the July 12-2 video, at 5:38, Plaintiff is seen shouting "you stupid cunt" while gesturing toward Alfonso. This draws an immediate reaction, and Plaintiff is seen pushing forward into Kish's back. She is then seen being dragged back. Kane Affidavit, Exhibit H.

18. On the You Tube video, at 7:50, the same encounter is videoed from a different angle. Here, the video starts in the middle of the encounter. Plaintiff is pushing both officers and they are seen recoiling back and recovering. Plaintiff has her left hand on Castellanoz. Plaintiff has her right hand on Kish. Plaintiff is seen pushing Kish's arm away while pushing her body forward and being restrained by the officers. She is seen shouting epithets and gesturing and pushing into Kish with her chest. Kish is seen saying "if you don't stop pushing me you are going to jail." She is seen shouting "fuck you" at Kish. She is seen being dragged back, and shaking off the hand of one of the people trying to hold her back. She is seen shouting and gesturing, then pushing past a man and closing on Kish's back, where she is seen driving her shoulder into him. She is then seen being pulled back again. Kane Affidavit, Exhibit G.

19. Plaintiff admits loudly threatening Alfonso, and admits she was offering to fight Alfonso. Hardy Depo. Pg. 126, ln.10 to Page 127, ln. 4. Kane Affidavit, Exhibit A.

20. Plaintiff admits losing control over herself, and shouting "Beat my ass," at Alfonso. She admits closing with Alfonso while shouting "I don't give a fuck," "to have a confrontation with her," in order to intimidate her and challenge her. Hardy Depo. Pg. 134, ln. 15 to Pg. 135, ln. 23. Kane Affidavit, Exhibit A.

21. Plaintiff admits that her conduct was not appropriate. Hardy Depo. Pg. 139, lns. 23 to 25. Kane Affidavit, Exhibit A.

22. Plaintiff admits that she pushed Kish with her chest. Hardy Depo. Pg. 145, ln. 21 to Pg. 146, ln. 5. Kane Affidavit, Exhibit A.

23. Plaintiff admits "bumping" into Kish with her shoulder while moving fast. Hardy Depo. Pg. 147, Lns. 21 to 25. Kane Affidavit, Exhibit A.

24. Plaintiff admits trying to get past Kish to confront Alfonso. Hardy Depo. Pg. 148, lns. 18 to 25. Kane Affidavit, Exhibit A.

25. Plaintiff admits aggressing Alfonso, and admits the only reason she did not get to Alfonso was that Kish was in the way and she was pulled back. Hardy Depo. Pg.186, lns. 19 to 25. Kane Affidavit, Exhibit A.

26. Watching Plaintiff's actions was Capt. Charles Ketchum, who had experience with protests such as this one, and who knew that crowds' attitudes can be affected by aggressive people who are left unchecked. Ketchum watched Plaintiff, and he saw Plaintiff apparently batter Kish and ordered her arrest by radio. Ketchum Affidavit, ¶¶ 3, 6.

27. ISP Cpl. Steve McClain heard the order. McClain had not seen the incident with Plaintiff. He remained at his post by the steps near the podium and spotted Plaintiff a few minutes later. He checked his radio for confirmation he had the right person, and then signaled ISP Trooper Kyle Card to assist in the arrest of Plaintiff. Card had not seen the incident with Plaintiff and Kish. McClain and Card used double cuffs on Plaintiff for comfort purposes. McClain Affidavit, ¶ 2; Card Affidavit, ¶¶ 2, 3.

28. On the You Tube video, at 17:45, McClain is seen using his radio to verify Plaintiff is the right person to be arrested. As can be seen, Plaintiff is nearly surrounded by police officers, with her friend Destinee Brooks standing by (in the red hat) and two National Lawyers Guild legal

observers standing by taking notes.  McClain is seen signaling to Card to make the arrest, at 17:53.  Kane Affidavit, Exhibit G.

29. In Plaintiff's verified statements in response to a discovery request, she claimed that state officers "walked me through a crowd of anti-abortion protesters and the officers let them hit me in the ribs." And further, "I was bruised in the ribs from being hit by anti-abortion protestors while officers were parading me through them in handcuffs."  Kane Affidavit, Exhibit E (Plaintiff's Responses to Defendant's First Set of Discovery, page 5).

30. At her deposition, Plaintiff's version of the event was that she did not know who hit her but that it was at the moment she was being arrested.  Hardy Depo. Pg. 159, ln. 20 to Pg. 160, ln. 22.  Kane Affidavit, Exhibit A.

31. On the You Tube video, at 18:07, Plaintiff is seen being cuffed.   Card is seen on Plaintiff's right side, McClain on her left.  A Boise officer is directly in front of her, and another is directly behind her.  Plaintiff is seen whooping and shouting epithets.  No one is seen hitting Plaintiff.  Kane Affidavit, Exhibit G.

32. When shown the You Tube video of her arrest, she could not identify anyone who hit her while she was being cuffed.  Hardy Depo, Pg. 160, ln. 23 to Pg. 162, ln. 19.  Kane Affidavit, Exhibit A.

33. When asked if she was asserting that any Defendants knew she had been hit, Plaintiff stated she did not know.  Hardy Depo. Pg. 167, lns. 14 to 19.  Kane Affidavit, Exhibit A.

34. Plaintiff stated that it was possible a police officer hit her.  Hardy Depo. Pg. 168, ln. 24 to Pg. 169, ln 6.  Kane Affidavit, Exhibit A.

35. Plaintiff admitted she told no police officer that she had been hit in the ribs.  Hardy Depo. Pg. 162, ln. 22 to Pg. 163, ln. 2.  Kane Affidavit, Exhibit A.

36. Plaintiff admitted that she did not seek medical assistance for her ribs. Hardy Depo Pg. 170, lns. 9 to 14. Kane Affidavit, Exhibit A.

37. Plaintiff admitted she did not seek medical attention upon being screened in the jail for injuries. Hardy depo, Pg. 15, ln.3 to Pg. 16, ln. 21. Kane Affidavit, Exhibit A.

38. In Plaintiff's verified statements in response to a discovery request, she claimed, "I was bruised on the wrists from being handcuffed. I was unable to take clients at my salon because my wrist hurt so bad and my business suffered as a result." Kane Affidavit, Exhibit E (Plaintiff's Responses to Defendant's First Set of Discovery, page 5).

39. At her deposition, upon being shown a photo of her wrist, Plaintiff first claimed that her wrists had been bruised because the handcuffs were too tight, but that she sought no medical help for her wrists. Hardy Depo. P 173, ln 18 to 176, ln 23. Kane Affidavit, Exhibit A.

40. Upon being shown a video, taken by a Boise police officer at the Ada County jail, demonstrating she had asked for her cuff to be tightened, Plaintiff stated, "obviously it wasn't too tight. It was sliding down and hitting my knuckles on my hands." She further admitted not seeking medical help for her wrists, and could not provide verification of her injuries. Hardy Depo. Pg. 176, ln. 24 to 179, ln 9. Kane Affidavit, Exhibit A. Affidavit of Amber Geffon in Support of Defendants' Motion for Summary Judgment ("Geffon Affidavit"), Boise Police Video 1911X60A49707. .

41. During her ride from the Capitol to the jail, and while in the sally port awaiting entry to the jail, Plaintiff never complained about her cuffs in any way, except to have them tightened. Geffon Affidavit, Boise Police Video 1911X60A49707.

42. Neither of the National Lawyers Guild legal observers recall Plaintiff getting hit in the ribs, or remember Plaintiff making any statements about her ribs or her wrists. Deposition of Casey Parsons, taken May 24, 2024, Depo. Pg. 10, ln. 17 to Pg. 13, ln. 23 (Kane Affidavit,

Exhibit B); Affidavit of Megan Harrigfeld, taken May 24, 2024, Depo. Pg. 16, ln. 20 to Pg. 17, ln. 10; and Pg. 22, lns. 6 to 24 (Kane Affidavit, Exhibit C).

43. Similarly, Destinee Brooks, Plaintiff's friend and co-organizer of the counterprotest, and who is seen on the You tube video in the red hat standing near Plaintiff while she was being arrested, does not recall seeing Plaintiff being hit in the ribs. Deposition of Destinee Brooks, taken June 11, 2024 ("Brooks Depo"), Pg. 35, ln. 3 to Pg. 36, ln. 24. (Kane Affidavit. Exhibit D).

44. As to Defendant Mike Kish, Plaintiff states she is suing him because he participated in the "whole prosecution process" and, "He was on the stand as a witness," and "He should have represented himself better." When asked if there was anything else he did wrong, Plaintiff stated, "right now that's all I can think of." Hardy Depo., Pg.201, ln. 10 to Pg. 202, ln. 25. Kane Affidavit, Exhibit A.

45. As to Defendant Troy DeBie, Plaintiff was asked, "other than …writing a report based on what he was told, did he do anything to harm you?" Plaintiff responded, "No." Hardy Depo. Pg 206, lns. 8 to 12. Kane Affidavit, Exhibit A.

46. As to Defendants McClain and Card, Plaintiff was asked, "Other than putting you in handcuffs and walking you to the car, did they do anything to abuse you?" Plaintiff responded, "No." Hardy Depo, Pg. 206, Ln. 19 to Pg. 207, Ln. 5. Kane Affidavit, Exhibit A.

47. Plaintiff was charged with felony battery on a police officer and a magistrate judge signed off on the affidavit of Troy DeBie. Kane Affidavit (Affidavit of Probable Cause, #B22001817 and Clerk's minutes finding probable cause).

48. Plaintiff was released less than 24 hours after her arrest and did not have to post bail. Hardy Depo. Pg. 24, ln. 14 to Pg. 26, ln.19. Kane Affidavit, Exhibit A.

49. Plaintiff was appointed a public defender, but soon thereafter a volunteer pro bono lawyer, Ryan Black, took over the case. No fees were charged, no agreement to pay was entered into, and no money is owed to Mr. Black. Hardy Depo Pg, 208, ln.3, to pg. 210, ln. 23. Kane Affidavit, Exhibit A.

50. Plaintiff was first charged with felony battery. Ada County Deputy Prosecuting Attorney Dylan Asbury independently chose to reduce the charge to a misdemeanor battery. He spoke to Mike Kish, who agreed to the decision. No one at ISP pressured or manipulated him in any way. He knows of no false evidence presented by ISP. Affidavit of Dylan Asbury Affidavit in Support of Defendants' Motion for Summary Judgment ("Asbury Affidavit"). ¶¶ 1, 2.

51. The case was assigned to Ada County Deputy Prosecuting Attorney Juan Beltran. He reviewed a video found in his case file (the You Tube video) and determined a battery had occurred. Before the trial, he met with Mike Kish to prepare him for the trial. No one at ISP pressured or manipulated him in any way. He knows of no false evidence presented by ISP. Affidavit of Juan Beltran in Support of Defendants' Motion for Summary Judgment ("Beltran Affidavit"), ¶¶ 1-4.

52. At the misdemeanor trial, the only witness for the prosecution was Mike Kish. The only physical evidence presented was a portion of the You Tube video beginning at 7:50 (Kane Affidavit, Exhibit G), depicting all the events described above. State of Idaho v. Avalon Shawntae Hardy, Ada County Case No. CR01-22-20001 ("Trial Tr."), States Exhibit 1. Trial Tr. 27 to 51. Kane Affidavit, Exhibit F.

53. The State rested, and Plaintiff's attorney moved to dismiss. The court viewed the video again in chambers and stated, "watching the video, it's clear his hands had moved out in some semblance, trying to hold Ms. Hardy back, that he had turned his back to her, that while his back was turned, she had pushed in to him slightly. And he said came into contact with his back

as if trying to push past. He had talked about a potential bump or push into. It's always somewhat difficult for someone to ascertain what is taking place when someone's back is turned to them, and it's unknown what is taking place there. That seemed to be extent of the testimony on the State's case." Trial Tr. 61-62.  Kane Affidavit, Exhibit F.

54."When I watch this, the relevant portion seemed to be -- well, at the beginning, when his arm was up against her, I can't find that he was pushing her or she was pushing him. I don't know.  They're both in contact. He's doing something with his left arm against her. I can't find that she's chest bumping, pushing, or shoving him at that point. There is a later portion where he turns his back to her, and she makes a movement that the Court would best describe as trying to go around him -- seemed to go around him. From the Court's perspective, she was looking not at him. Some people had held her back and she was going around -- almost as if she was trying to go around him, come towards the camera more to go around him.  And from the Court's perspective, there may have been inadvertent brush with the – for lack of a better term with her breast or something else against the officer's shoulder, him turning, then, back in to you. So that's at most you trying to get around him. This case does require that you actually, intentionally, and unlawfully touched or struck the person against his will by shoving, pushing, and/or chest bumping him." Trial Tr. 64-65.  Kane Affidavit, Exhibit F.

55.Further, "This seems to be entirely incidental contact that I saw, what I noted in Ms. Hardy attempting to go around the officer." Trial Tr. 65.  Kane Affidavit, Exhibit F.

56.The court acquitted Plaintiff without hearing her testimony as to her intent.  "In this case, I simply cannot find there's sufficient information to go to the jury. I'm going to grant the defense request to dismiss this case." Trial Tr. 66.  Kane Affidavit, Exhibit F.

57.Plaintiff admits to weighing 320 pounds on the day she was "attempting to go around the officer." Hardy Depo, Page 14, ln. 23 to pg. 15, ln 1.  Kane Affidavit, Exhibit A.

58.     Plaintiff's Complaint states that Defendant Kish did not intervene in the shouting of the protesters "except to hold [Plaintiff] back from others."  FAC, pg. 11, para 21.

59.     When asked why Kish had to hold her back from others, Plaintiff stated it was because she was yelling.  When asked if she pushed him, she admitted she "pushed up against him," and attempted to parse this from intentionally pushing him.  Hardy Depo. Pg. 207, ln 6 to 20.  Kane Affidavit, Exhibit A.

60.     When asked about the claim that the Defendants improperly exerted pressure on the prosecutors, Plaintiff admitted that she did not know if any of the Defendants even had spoken to the prosecutor or had exerted pressure.  Hardy Depo. Pg. 211, ln 1 to 21.  Kane Affidavit, Exhibit A.

61.     When asked what exculpatory evidence had been concealed by the Defendants, she stated, "Again, I'm not sure."  Hardy Depo. Pg. 211, ln 22 to Pg. 212 ln 1.  Kane Affidavit, Exhibit A.

62.     Plaintiff admitted that other than the DeBie Affidavit, she had no information as to fabricated evidence.  Upon further inquiry, she admitted that she was shoving Kish with her chest, so that part of the affidavit was true.  Hardy Depo. Pg 212, ln 3 to pg. 213, ln 6.  Kane Affidavit, Exhibit A.

63.     When Plaintiff was asked what information was suppressed, she responded, "I'm not sure what was suppressed." Hardy Depo. Pg 213, ln 10 to 14.  Kane Affidavit, Exhibit A.

64.     As to her free speech, assembly, and association claim, Plaintiff admitted that she does not believe she was arrested for shouting, "My body, My Choice," but because she was yelling at Alfonso, and challenging her to fight and shouting expletives.  Hardy Depo. Pg 214, ln 1 to 23. Kane Affidavit, Exhibit A.

DATED this 12th day of July, 2024.

             MICHAEL KANE & ASSOCIATES, PLLC

         BY: */s/ Michael J. Kane*
            MICHAEL J. KANE
            Attorneys for Idaho State Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of July, 2024, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court's CM/ECF System for this action:

- **Richard A. Eppink**, **David DeRoin**
  ritchie@wrest.coop, david@wrest.coop

- **Michael J. Kane**
  mkane@ktlaw.net, tpresler@ktlaw.net

             /s/ *Michael J. Kane*  .
             MICHAEL J. KANE