**Richard Eppink** (ISB No. 7503)
ritchie@wrest.coop
**David A. DeRoin** (ISB No. 10404)
david@wrest.coop
**WREST COLLECTIVE**
P. O. Box 102
Boise, Idaho  83701
208-742-6789 (phone)

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **AVALON HARDY**,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>**MICHAEL KISH**, et al.<br><br>　　　　　　　Defendants. | Case No. 1:23-cv-306<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR SPOLIATION REMEDIES (DKT. 29)** |

On September 27, 2024, the Ninth Circuit issued an opinion in *Gregory v. State of Montana*, ___ F.4th ___, No. 22-35674, 2024 WL 4312740 (9th Cir. Sept. 27, 2024). The Circuit reversed and remanded the District of Montana's decision below granting spoliation sanctions, found at No. CV-20-51-GF-BMM, 2022 WL 742446 (D. Mont. Mar. 11, 2022), which Plaintiff cited in the opening and reply briefs (Dkt. 29-1 and 32) in support of her motion for spoliation remedies. The *Gregory* case involves law enforcement officers' failure to preserve an electronically stored video critical to their case, like we have here.

NOTICE OF SUPPLEMENTAL AUTHORITY – 1

The Ninth Circuit's opinion effectively resolves two of the questions at issue on Plaintiff's spoliation motion in this case: (1) whether Defendants had an obligation to preserve the Probable Cause video and ISP operations plan and (2) whether Defendants took reasonable steps to preserve the video. The Circuit concluded in *Gregory* that the defendant there "had actual knowledge of its obligation to preserve the footage in connection with [Plaintiff's] misdemeanor criminal case, and it was certainly foreseeable that civil litigation could arise from the disputed incident as well." 2024 WL 4312740 at *7. And the Circuit further "reject[ed], as wholly unpersuasive, the State's contention that it took 'reasonable steps to preserve' the footage from being 'lost.'" *Id.* The court held that "failing to promptly determine how long the surveillance system preserved its information was unreasonable, as was failing to proceed with appropriate dispatch in taking the actual steps necessary to download the video from the system before it was deleted." *Id.* The same things can be said here.

The *Gregory* court also discussed the "intent to deprive" standard under FRCP 37(e)(2), but followed the specific intent standard described in *Jones v. Riot Hospitality Group*, 95 F.4th 730 (9th Cir. 2024), which Plaintiff discusses in her opening brief (Dkt. 29-1). Notably, though, the officers in *Gregory* undertook extensive effort to preserve the video at issue there, including multiple attempts to save it before it was overwritten. *Gregory*, 2024 WL 4312740 at **3–4. Not so here. (*See* Dkt. 29-20; Dkt. 29-17 at 26:1–8; Dkt. 29-13 at 18:21–20:1, 22:22–23:9; Dkt. 29-10 at 102:2–103:12, 161:20–162:11.)

The mandate has not yet issued in *Gregory*, however, and the time for petitions for rehearing has not yet expired.

NOTICE OF SUPPLEMENTAL AUTHORITY – 2

DATED: October 9, 2024

**WREST COLLECTIVE**

/s/ Richard Eppink
Richard Eppink

/s/ David A. DeRoin
David A. DeRoin

**ATTORNEYS FOR PLAINTIFF**

NOTICE OF SUPPLEMENTAL AUTHORITY – 3