RAÚL R. LABRADOR
ATTORNEY GENERAL

MICHAEL J. KANE
SPECIAL DEPUTY ATTORNEY GENERAL
MICHAEL KANE & ASSOCIATES, PLLC
702 W. Idaho St., Suite 1100
Post Office Box 2865 (83701)
Boise, Idaho 83702
Telephone:  (208) 342-4545
Email:  mkane@ktlaw.net
Idaho State Bar No. 2652

ATTORNEYS FOR IDAHO STATE DEFENDANTS

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| AVALON HARDY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-00306-BLW |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL KISH, TROY DEBIE, KYLE | ) | DEFENDANTS' RESPONSE TO |
| CARD, and STEVEN McCLAIN, in their | ) | PLAINTIFF'S MOTION TO EXCLUDE |
| individual capacities, and JOHN/JANE DOES 1- | ) | DEFENDANTS' EXPERT (Dkt. 45) |
| 10, other law enforcement officers whose true | ) | |
| names are unknown, in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COME NOW the Defendants, MICHAEL KISH, TROY DEBIE, KYLE CARD, and

STEVEN McCLAIN (collectively "Idaho State Defendants"), by and through their attorney of

record, Michael J. Kane of the firm Michael Kane & Associates, PLLC, and hereby submit the

following Response to Plaintiff's Motion to Exclude Defendants' Expert (Dkt. 45).

Plaintiff's Motion to Exclude Defendants' Expert ("Plaintiff's Motion") (Dkt. 45) claims that Defendants' expert, R. Scot Haug, "has zero experience policing protests." (Dkt. 45-1, p. 3). Plaintiff claims that Mr. Haug's opinion as to probable cause is inadmissible because "[e]xpert opinions on the existence of probable cause are…improper…." (Dkt. 45-1, p. 6.) Plaintiff's Motion further states that "the Court should exclude Haug's testimony about whether or how the collective knowledge doctrine applies in this case, whether allegations 'manufactured or fabricated evidence' have merit, whether there is evidence of malicious prosecution, or whether there was probable cause to arrest Ms. Hardy." (Dkt. 45-1, p. 7). In support of this claim, Plaintiff cites to *Torres v. City of Los Angeles*, arguing that it supports her argument to exclude Mr. Haug's testimony because the court held that the district abused its discretion when it denied a motion in limine to bar a witness from testifying as to probable cause. (Dkt. 45-1, p. 6). However, the court held that the officer in that case "should not have been permitted to testify *without providing a written expert report*." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008). The court's ruling did not bar the officer's testimony because of his opinions regarding probable cause, but instead because an expert report had not been provided in accordance with the relevant rules. *Id.* Plaintiff also cites to *Stuart v. United States*, 23 F.3d 1483, 1487 (9th Cir. 1994), which held that:

> The questions that elicited the objections appeared to seek an opinion on whether probable cause existed to stop the Hyundai—a question that Mr. Alpert was not as well-qualified as the trier of fact to answer. Moreover, "standard police procedure," as developed by an expert, may not shed light on what is reasonable conduct for border patrol officers.

*Id.*

As explained by the Ninth Circuit:

> Evidence Rule 401 provides: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R.

Evid. 401. Evidence Rule 402 provides that relevant evidence is admissible unless another rule or federal law provides otherwise, and that irrelevant evidence is inadmissible. Fed. R. Evid. 402. Rule 401's "basic standard of relevance ... is a liberal one." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *see also United States v. Whitehead*, 200 F.3d 634, 640 (9th Cir. 2000) (citing Rule 401 for the proposition that relevance is a "minimal requirement"); *United States v. Curtis*, 568 F.2d 643, 645 (9th Cir. 1978) ("Rule 401 ... contains a very expansive definition of relevant evidence.").

Deciding whether a fact is "of consequence in determining the action" generally requires considering the substantive issues the case presents. *See* Fed. R. Evid. 401 advisory committee's note to 1972 proposed rules ("Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

*Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019).

An expert witness may testify if: (1) the expert's specialized knowledge will help the trier of fact; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert reliably applied such principles and methods. Fed. R. Evid. 702. "It is the proponent of the expert who has the burden of proving admissibility." *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

*Porter v. Gore*, 517 F. Supp. 3d 1109, 1119 (S.D. Cal. 2021), *aff'd sub nom. Porter v. Martinez*, 64 F.4th 1112 (9th Cir. 2023), and *aff'd sub nom. Porter v. Martinez*, 68 F.4th 429 (9th Cir. 2023).

"While experts may permissibly opine as to standard law enforcement practices and whether defendants' conduct is in accord with those practices, they may not offer legal conclusions that are solely within the Court's or the fact-finder's province." *Fontana v. City of Auburn*, No. C13-0245-JCC, 2014 WL 4162528, at *6 (W.D. Wash. 2014) (citing *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)). "[A]n expert witness cannot give an opinion as to [their] *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter*, 373 F.3d at 1016. "Such an opinion does not aid the jury in making its decision; it merely attempts to substitute the expert's judgment for that of the jury [ ] or ... the Court." *City of Auburn*, 2014 WL 4162528,

at *6. *See Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1060 (9th Cir. 2008) ("evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible").

A jury views an expert with "an aura of special reliability and trustworthiness." *United States v. Amaral*, 488 F.2d 1148, 1152 (9th Cir. 1973). A party should not use expert testimony as a means to bolster or impugn witness credibility or to offer an opinion about the defendant's motive. *See United States v. Lukashov*, 694 F.3d 1107, 1115-17 (9th Cir. 2012).

"[T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.' " *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565 (citation and internal quotation marks omitted).

"Expert testimony is inadmissible if it addresses lay matters which a jury is capable of understanding and deciding without the expert's help." 2011 WL 5827198, at *4 (S.D. Cal. 2011) (internal quotations omitted, citing *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468 (S.D.N.Y. 2005)). As such, expert testimony cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence. *See Johns v. Bayer Corp.*, 2013 WL 1498965, at *28 (S.D. Cal. 2013) (excluding proffered testimony that "offer[ed] nothing more than a factual narrative of [ ] documents") (citing *In re Rezulin*, 309 F. Supp. 2d at 551 (rejecting portions of plaintiffs' expert's testimony that was "a narrative reciting selected events" because "[s]uch material, to the extent it is admissible, is properly presented through percipient witnesses and documentary evidence")).

FRE 703 provides, in relevant part:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing... Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Mr. Haug has expertise in police procedure and over three (3) decades of law enforcement experience that he extensively discusses in his Expert Witness Report. (Dkt. 45-3, pp. 9-13). As stated above in *Fontana*, he "may permissibly opine as to standard law enforcement practices and whether defendants' conduct is in accord with those practices." Mr. Haug's expertise permits him to discuss the collective knowledge doctrine in the context of law enforcement practices and what law enforcement may rely upon when considering whether to make an arrest. This includes, as noted in Mr. Haug's report, police officers relying on "a colleague and/or supervisor to make an arrest for a crime that the officer did not personally observe." (Dkt. 45-3, p. 20). It also includes Mr. Haug's opinion as to whether Defendants' conduct was in accordance with those practices. Similarly, Mr. Haug's specialized knowledge can assist the trier of fact in determining whether Plaintiff's behavior prior to her arrest constituted a battery and/or disturbing the peace pursuant to Idaho law. (Dkt. 45-3, pp. 21, 22). Mr. Haug is not offering a legal conclusion, but is opining as to standard law enforcement practices and whether Defendants' conduct is in accord with those practices.

Plaintiff also claims that Mr. Haug should be prohibited from opining on Defendant Kish wearing plain clothes at the protest because he "has absolutely no experience with police practices at protests" (Dkt. 45-1, p. 7, 9). Again, Mr. Haug's extensive experience has been set forth in his report, and that experience qualifies him to opine on law enforcement practices, which would include police presence and activity at numerous types of crimes, incidents, community events,

accidents, etc.  Whether an expert in law enforcement practices has specifically encountered the exact scenario at issue is not the standard.  As stated in *Daubert*, "[e]xpert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Daubert*, 509 U.S. at 565.  Mr. Haug's opinion regarding Defendant Kish's clothing falls within *Daubert* and the requirements and limitations of expert opinions as outlined in the case law above.

For these reasons, the testimony of Mr. Haug should be admissible at trial of this matter.

DATED this 1ˢᵗ day of May, 2025.

MICHAEL KANE & ASSOCIATES, PLLC

BY: */s/ Michael J. Kane*_____
MICHAEL J. KANE
Attorneys for Idaho State Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1ˢᵗ day of May, 2025, I electronically filed the foregoing document with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court's CM/ECF System for this action:

- **Richard A. Eppink, David DeRoin**
  ritchie@wrest.coop, david@wrest.coop

- **Michael J. Kane**
  mkane@ktlaw.net, kdelisio@ktlaw.net

 */s/ Michael J. Kane*_____.
MICHAEL J. KANE