**Richard Eppink** (ISB No. 7503)
ritchie@wrest.coop
**WREST COLLECTIVE**
P. O. Box 102
Boise, Idaho 83701
208-742-6789 (phone)

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **AVALON HARDY**,<br><br>             Plaintiff,<br><br>vs.<br><br>**MICHAEL KISH**, et al.<br><br>             Defendants. | Case No. 1:23-cv-306<br><br>**REPLY RE: PLAINTIFF'S TRIAL BRIEF** |

Three days ago, Defendants filed a response (Dkt. 71) to Plaintiff's trial brief. Their response raises two issues that warrant reply.

First, what Michael Kish saw is irrelevant to whether there was probable cause. As Defendants acknowledge, citing *Devenpeck v. Alford*, "[w]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts <u>known to the arresting officer at the time of the arrest</u>." 543 U.S. 146, 152 (2004) (emphasis added). Kish was not the arresting officer, nor did he communicate with the arresting officers to either direct or otherwise support any arrest. (Dkt. 30-3, at 10:10–13; Dkt. 30-4, at 10:1–16.) It was Sam Ketchum who directed Ms. Hardy's arrest via a dispatcher. (Dkt. 29-17, at 29:24–30:20.) Thus, the only facts relevant to probable cause are those known to Ketchum and the two arresting officers (Steven McClain and Kyle Card), or else those

REPLY RE: PLAINTIFF'S TRIAL BRIEF – 1

that count as collective knowledge. The collective knowledge doctrine applies where either (1) officers work and communicate together or (2) an officer with direct personal knowledge of probable cause directs or requests other officers to make the arrest. *United States v. Ramirez*, 473 F.3d 1026, 1032–1033 (9th Cir. 2007). But there still must be <u>some</u> communication between the officer whose knowledge supports probable cause and those conducting the arrest. *Id.* at 1033. Where there is no evidence of any communication, collective knowledge cannot support probable cause. *United States v. Villasenor*, 608 F.3d 467, 475 (9th Cir. 2010). Kish did not communicate with the arresting officers or direct them to arrest Ms. Hardy. Rather, Kish's only communication about the arrest before it occurred was his "What girl?" phone call with Ketchum that <u>refutes</u> the existence of probable cause. (*See* Dkt. 39, at 27–28.) Therefore, what Kish saw and experienced (and what other officers, like Danielle Castellanoz observed) is irrelevant as to probable cause because there was no communication or directive from them to the arresting officers.

Second, the requirement that a misdemeanor occur in the presence of the arresting officer to justify a warrantless arrest is rooted both in Idaho state constitutional law (*see* Dkt. 56, at 7–8) and the Fourth Amendment. The 1990 opinion in *Barry v. Fowler* that Defendants cite relied on extra-circuit precedent for the idea that the Fourth Amendment does not include an in-the-presence requirement for warrantless misdemeanor arrests. 902 F.2d 770, 772 (9th Cir. 1990). But the *Alford v. Haner* footnote (from the remand in *Devenpeck v. Alford*, cited above), which Defendants also cite, pointed out that *Barry*'s conclusion stood only "in the absence of direction from the Supreme Court" to clarify the Fourth Amendment's protections. *Alford v. Haner*, 446 F.3d 935, 937 n.2 (2006). Well, the

REPLY RE: PLAINTIFF'S TRIAL BRIEF – 2

Supreme Court has since made clear that the Fourth Amendment "must provide *at a minimum* the degree of protection the common law afforded at the time of its adoption." *Lange v. California*, 594 U.S. 295, 309 (2021) (quoting *United States v. Jones*, 565 U.S. 400, 411 (2012)); *see also Virginia v. Moore*, 553 U.S 164, 168 (2008) ("We look to the statutes and common law of the founding era to determine the norms that the Fourth Amendment was meant to preserve"). The Supreme Court has remained adamant in recent years that the common law at the time of founding is a critical measure of the scope of constitutional protections. *See Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215, 242 (2022). And under the common law at the time of the Fourth Amendment's adoption, "neither a civil officer nor a private citizen had the right, without a warrant, to make an arrest for a crime not committed in his presence, except in the case of felony." *Kurtz v. Moffitt*, 115 U.S. 487, 498–499 (1885); *Bad Elk v. United States*, 177 U.S. 529, 534–535 (1900). And though the Supreme Court has yet to explicitly confirm a Fourth Amendment in-the-presence requirement, *see Gonzalez v. United States*, 145 S. Ct. 529, 221 L. Ed. 2d 259 (2025) (Sotomayor, J., statement on denial of cert.), the grounds the Ninth Circuit relied on in *Barry* and *Alford* for declining the requirement no longer stand after the subsequent Supreme Court decisions and guidance in *Lange*, *Moore*, and *Dobbs*. Accordingly, only felony probable cause could support Ms. Hardy's arrest in this case.

    Respectfully submitted,

    **WREST COLLECTIVE**

    /s/ Richard Eppink
    Richard Eppink

    ATTORNEYS FOR PLAINTIFF

REPLY RE: PLAINTIFF'S TRIAL BRIEF – 3