UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AVALON HARDY,<br><br>      Plaintiff,<br><br>   v.<br><br>MICHAEL KISH, et al.,<br><br>      Defendants. | Case No. 1:23-cv-00306-BLW<br><br>**AMENDED[1] MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendants Michael Kish and Troy DeBie's Motion to Stay Plaintiff's Motion to Partially Reconsider Summary Judgment Decision (Dkt. 95). For the reasons set forth below, the Court will deny the motion but will allow Kish and DeBie to file a response to Plaintiff's motion to reconsider by May 11, 2026.

## BACKGROUND

This case arises from Avalon Hardy's arrest in June 2022 at a protest in front of the Idaho State Capitol. On August 25, 2025, the case proceeded to trial on five claims against Kish and two claims against DeBie. Two days into trial, the Court declared a mistrial after DeBie testified that he still retained a never-disclosed video showing Hardy peaceably protesting beside Kish in a thicket of combative protesters and counter-protesters, just moments before she allegedly battered him. The Court granted the mistrial

---

[1] The amendment corrects a typographical error regarding the date for Defendants' response to Plaintiff's motion to reconsider set forth on page 3 of this decision, so it corresponds with the date set forth in the Order section on page 4.

**MEMORANDUM DECISION AND ORDER - 1**

to allow Hardy time to pursue curative discovery and to seek reconsideration of the Court's summary judgment ruling in favor of DeBie on Hardy's deliberate or reckless suppression of evidence claim against him.

After conducting additional discovery, Hardy has now filed her motion to reconsider the Court's ruling on this issue in light of the newly disclosed video, *see* Dkt. 88. Along with her motion, Hardy has also submitted the declaration of M.G. *See* Dkt. 94. Rather than responding to Hardy's motion to reconsider, Defendants ask the Court to "stay" the motion under Federal Rule of Civil Procedure 56(d) to allow them time to engage in discovery with respect to witness M.G.

## ANALYSIS

Rule 56(d) governs motions for summary judgment. It provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may ... allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d). Here, Hardy has not moved for summary judgment. Instead, she asks the Court to reconsider its decision granting Defendants' motion for summary judgment in favor of DeBie on her deliberate or reckless suppression of evidence claim. It is therefore questionable whether Rule 56(d) is the proper procedural vehicle for Defendants' request to stay Hardy's motion to reconsider.

But even assuming Rule 56(d) applies, Defendants have failed to make the requisite showing to justify allowing additional time to conduct discovery. "To prevail on a request for additional discovery under Rule 56(d), a party must show that (1) it has set

**MEMORANDUM DECISION AND ORDER - 2**

forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Irvine v. Cook*, 653 F. Supp. 3d 798, 813 (D. Idaho 2023) (quoting *Midbrook Flowerbulbs Holland B.V. v. Holland America Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017)).

Defendants have failed to identify the specific facts they hope to elicit from further discovery or to explain why those facts are essential to opposing Hardy's motion to reconsider. Instead, they state in conclusory fashion that they need to depose M.G. "to appropriately respond" to Hardy's motion, pointing only to M.G.'s declaration testimony about witnessing Kish stiff-arm Hardy and then speaking to Kish and DeBie. But Defendants never explain what specific facts M.G.'s deposition would yield or how those facts would bear on Hardy's motion to reconsider. If either Kish or DeBie disputes M.G.'s account, they could simply submit their own declarations. But Defendants face a catch-22: if they were to claim that M.G.'s testimony is material to Hardy's now-dismissed suppression-of-evidence claim against DeBie—and that they dispute it—this would more likely bolster Hardy's case for reconsideration than undermine it. Perhaps this is not lost on Defendants.

In any event, Defendants have not shown sufficient grounds to defer ruling on Hardy's motion. Accordingly, the Court will deny Defendants' motion to stay but will grant them an extension of time until May 11, 2026, to respond to the motion. In addition, if Hardy intends to call M.G. as a witness at the retrial of this case, the Court will permit

MEMORANDUM DECISION AND ORDER - 3

DeBie and Kish to conduct discovery regarding this newly disclosed witness as it pertains to trial.[2]

**ORDER**

**IT IS ORDERED that:**

1.      Defendants' Motion to Stay Plaintiff's Motion to Partially Reconsider Summary Judgment Decision (Dkt. 95) is **DENIED**.

2.      Defendants are granted an extension to file a response to Plaintiff Hardy's motion to reconsider until ***May 11, 2026.***

DATED: April 24, 2026

B. Lynn Winmill
U.S. District Court Judge

---

[2] Hardy has filed a motion for protective order as it relates to M.G. Any discovery related to M.G. must comply with the terms of Hardy's requested protective order pending the Court's ruling on that motion.

**MEMORANDUM DECISION AND ORDER - 4**