UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AVALON HARDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL KISH, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00306-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Avalon Hardy's Motion for Protective Order and Motion to Seal (Dkt. 92). Hardy seeks a protective order to preclude public disclosure of a potential witness in this case. For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

This case arises from Avalon Hardy's arrest in June 2022 at a protest in front of the Idaho State Capitol. Two days into the trial in this case, Hardy learned that Defendant Troy DeBie still retained a video from the day of the protest that had never been disclosed, resulting in a mistrial. Hardy has since identified a potential witness who was present at the protest and observed the interactions between Defendant Michael Kish and Hardy at the center of this case. *M.G. Decl.* ¶¶ 4-9, 11, Exs. 1 & 2, Dkt. 95.

Hardy seeks a protective order to protect the identity of this witness on the grounds that disclosure of the witness's identity in connection with this case would

**MEMORANDUM DECISION AND ORDER - 1**

expose the individual to potential harm, intimidation, or harassment. She asks that the witness be identified in public filings and proceedings only by the witness's initials, M.G.; that any filings containing the witness's name or other identifying information be redacted or filed under seal; and that access to the witness's identity be limited to the Court, counsel, testifying or consulting experts, the plaintiff and remaining defendants, Kish and DeBie, as well as certain witnesses, including Charles Ketchum, Danielle Castellanoz, Kyle Card, and Steven McClain. Defendants Kish and DeBie object to the proposed protective order as overly broad and unnecessary.

## ANALYSIS

Well-established principles of common law and the First Amendment protect the public's right of access to judicial proceedings. The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Public confidence in the administration of justice rests on accountability — knowing to whom courts afford relief, against whom judgments run, and why." *SEB Inv. Mgmt. AB v. Symantec Corp.*, No. C 18-02902 WHA, 2021 WL 3487124, at *1 (N.D. Cal. Aug. 9, 2021). For this reason, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

MEMORANDUM DECISION AND ORDER - 2

In special circumstances, however, non-party witnesses may preserve their anonymity in judicial proceedings "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *SEB Investment Management v. Symantec Corp.*, No. C 18-02902 WHA, 2021 WL 3487124, at *1 (N.D. Cal. Aug. 9, 2021) (quoting *Does I thru XXIII v. Advanced Textile Corporation*, 214 F.3d 1058, 1068–69 (9th Cir. 2000)). Courts balance the threatened harm against any prejudice to the opposing party and public interest in disclosure. *Id.* This Court has itself recently protected the identities of nonparty witnesses, noting that "Idaho is a small place, geography notwithstanding, and these individuals are members of our community." *Pizzuto v. Tewalt*, No. 1:21-CV-00359-BLW, 2025 WL 563768, at *3 (D. Idaho Feb. 19, 2025).

Weighing the threatened harm to M.G. against the prejudice to Kish and DeBie and the public interest in disclosure, the Court finds that M.G. may proceed anonymously at this stage. First, Defendants have failed to articulate what, if any, prejudice they will suffer as a result of the proposed protective order. Defendants, their counsel, and the primary witnesses will all have access to the witness's name, and they may investigate M.G.'s testimony. If Defendants believe they must inform others of M.G.'s identity to conduct an adequate investigation, they may confer with Hardy's counsel to expand the scope of the order and, if necessary, obtain relief from the Court. In addition, the Court will re-open discovery to allow Defendants to depose M.G. so long as they abide by the terms of the protective order.

**MEMORANDUM DECISION AND ORDER - 3**

Second, M.G. has articulated a reasonably credible threat of harm should their identity be disclosed. While some time has passed since M.G. has faced any risk of harm stemming from the 2022 protest, it is certainly plausible that M.G. may face renewed attention if identified as a witness in this case. Similarly, the simple fact that information about M.G. unrelated to this case appears on the internet does not negate the risk of harm that may arise if M.G.'s identity is revealed specifically in connection with this case.

Third, the threatened harm for now outweighs the public interest in disclosure of M.G.'s name. The public undoubtedly has an interest in reviewing the record that underpins the orders in this action. But the Court has already determined that Hardy may proceed to trial on most of her claims against Kish and at least two of her claims against DeBie. All that remains to be decided on the merits is whether Hardy will be allowed to proceed to trial on her claim for deliberate or reckless suppression of evidence against DeBie. Thus, at this point, the balance tips in favor of allowing M.G. to proceed anonymously. This calculus will likely change if and when this case goes to retrial, but the Court will cross that bridge when necessary. Hardy's motion for protective order and to seal will be granted, and M.G. may proceed anonymously for now.

## ORDER

**IT IS ORDERED that:**

1.      Plaintiff's Motion for Protective Order and Motion to Seal (Dkt. 92) is **GRANTED.**

2.      The parties are directed to meet and confer and submit a proposed protective order *within 14 days* from entry of this Order.

MEMORANDUM DECISION AND ORDER - 4



DATED: May 4, 2026

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5